Ms. Salas Good morning, Your Honor Good morning, Your Honor. My name is Liana Salas and I appear on behalf of the petitioner in this case Mr. Jose Emilio Ulloa Francisco. This case comes before Your Honors from a order of the Board of Immigration Appeals sustaining an appeal by the government by DHS on the immigration judges grant of cancellation of removal in favor of the petitioner in this case Mr. Ulloa. The issues before this court is whether Mr. Ulloa's conviction under 893.135 1b1c under Florida statute would constitute an aggravated felony which would therefore preclude him from eligibility for cancellation of removal. The second issue before this court which is the most important issue it's the issue I think that needs to be addressed before we even reach the categorization of that conviction is the respondents or the burden of proof in this case. Now when the government charged Mr. Ulloa as removable from the United States they initially charged him as removable as an aggravated felon under 1227.82a.iii. The government claimed that Mr. Ulloa was an aggravated felon by virtue of that conviction and certain documents were brought forward at that time by the government in order to prove their burden of clear and convincing evidence. I don't believe that there's any argument that the government would not bear the burden in removability cases especially in legal permanent resident cases. Didn't he concede removability? He only conceded removability as to the additionally lodged charge which was the charge under 1227.82bi and that is a conviction in violation of any controlled substance violation but not under the charge where it categorized it as an aggravated felon. Now Mr. Ulloa continues to argue. He's appealing the cancellation of his removal, right? That's a really important case, that's a really important point, your honor. Mr. Ulloa was the prevailing party before the immigration judge and I think that's a really important fact in this case because the immigration judge said he's removable and the burden's on the government to establish removability but then the way I read the statute the burden then shifts to him to demonstrate eligibility for cancellation of removal. Am I reading the statute wrong? No, your honor. However, in Mr. Ulloa's particular case there is the charge of removability that was not sustained by the immigration judge. In other words, there was two charges before the immigration judge. There was the charge of the aggravated felony and there was a charge for the controlled substance violation. The controlled substance violation, Mr. Ulloa admitted that charge. He did not contest that charge but continued to contest from the beginning that it was an aggravated felony so he always contested that charge. The immigration judge, first the immigration judge in Miami did not sustain the charge and then when it was remanded back and it was before individual before the judge in Orlando he also did not sustain the charge. Now the government in their brief does concede that the charge the immigration judge did not sustain that charge of removability. In other words, the charge of aggravated felony and the board did not disrupt it. So when we go to burden of proof, Mr. Ulloa's and that charge is still there. The government could have withdrawn that charge. There's nothing that precludes the government from amending a notice to appear or from withdrawing a charge of removability and yet that charge remains on against Mr. Ulloa. So if it's still there and it was never withdrawn by the government then we're saying it's still at issue. The BIA says well the issue of he won not only at the charge of removability but he also won in his cancellation of removal application and therefore there was nothing for him to waive. He wasn't the appealing party and so that's why throughout his brief Mr. Ulloa continues to argue that if the government failed to prove that he was an aggravated felon for purposes of the charge of removability then that same finding has to also go into the burden of proof for purposes of his application for relief. We're at the cancellation stage, are we not? We are in the cancellation stage. So the cancellation stage provides that the alien or non-citizen has the burden of showing he has not been convicted of did he not satisfy that burden? Well your honor we believe that he did and the fact finder agreed and that's our argument. Had the BIA determined well the immigration judge made an error of fact or law. Immigration judge you did not have sufficient evidence in order to make this decision. In the burden to look at the state charging his burden to establish that he's the way he meets that burden is to look at the state charging documents to determine what the elements of aggravated felony are. Isn't that right? Yes your honor and there were. When we look at those documents it's unclear right? Yes your honor. So if it's unclear he unmet his burden. Well according to the the case that was brought forward by the government and that's a case that just came out of the First Circuit and that's Salceda and that says well if all the Sherpa documents have been filed and it's still ambiguous and it still cannot be determined then it falls in favor of the applicant because all the documents have been brought forward. That's what Salceda says. So the default rule is that if there is not proof on either side the government loses. The alien prevails. Now isn't that contrary to what the statute says that he has the burden of satisfying those conditions? Well your honor the burden is on the applicant or on Mr. Ulloa to prove by a preponderance of the evidence and he has brought forward all the documents had let's say he brings all the documents forward everything that's in existence and every document in existence is on the record and it still cannot be determined then we would ask the court to rule in his favor and that's what's that's what the court in Salceda did. But that cuts against the statute. That's the problem. I wouldn't say that it cuts against the statute your honor because the statute says preponderance of the evidence. I understand that but if he can't show that it was not aggravated he loses under the statute. Well we defer to the decision in Moncrief your honor. The decision in Moncrief. Well that's a removal case. It is a removal case. That's a cancellation case. I understand your honor and we're falling back on the case of Salceda out of the First Circuit. Salceda is a cancellation case that talks to it's it's not a drug conviction it's a domestic violence case. That case cited in the briefs. It is cited in the government's briefs. Supplemental authority. Right and the 528J letter to which we responded. It seems to me that on removal the government has has the burden and the Congress has permitted sort of a second bite at the apple and he said well maybe maybe we missed something here. Come forward and show us that this should be canceled and so so they placed a burden on the alien non-citizen to make that showing. If he doesn't make that showing the default rule apparently under the statute although I Moncrief might have affected that under the statute would have been clear it seems to me before Moncrief. So the point is how does Moncrief affect that situation? Well speaking from the case of Salceda which was filed by the government in their supplemental authority it talks about that Moncrief affects a case whether it's a removability or whether we're talking about removability or whether we're talking about relief and that's why that's important and one of the things that they talk about in the case is that Moncrief noted that for purposes of convicted of the relevant statutory hook is that language. Counsel in your letter to the court undated and you citing Salceda. Yes. What you said in that letter was the immigration judge in Salceda quote issued an order to the parties on July 23, 2013 granting them additional time to provide any other part of the record of the conviction that could Mr. Francisco was never ordered to provide additional evidence the documents. In fact he relied on the immigration judge's determination that no additional evidence was required. You're in effect conceding that for purposes of cancellation of removal nothing was provided the burden wasn't carried. Your letter kind of complains that you ought to have an opportunity to prove something that you haven't proven. May I respond? Yes your honor in our letter we do say that and that is because Mr. Ulloa has requested a remand that was one of the things that has been requested in his arguments to this court. And what would you produce on remand? Well your honor it's but as a practical matter something that was discussed with the government is the plea agreement. This is what they expressed at trial. You could have proffered all of that. Testimony. You could have proffered everything that would have happened on a remand and there's no proffer. What's the point of the remand? The point of the remand is that because Mr. Ulloa was the judge decided in his favor. The judge states on the record that he needed no further documents to make his determination. Well if he was wrong. He was misled into thinking that he didn't have to produce anything. Right. We cannot have a rule where the. Wait a minute but he knew he had the burden of proof anyway and he knew that the government might the Attorney General might appeal to the BIA and that the BIA may say well you didn't establish your case. He did your honor. That's always the case. The prevailing party at the trial level always runs the risk that they haven't made out a case. Yes your honor. I understand that. Because the judge erred. I understand that. Okay. Well you saved some time for rebuttal. Thank you. What can I ask you? Yes of course. Moncrief we didn't get to the bottom of that. How does that affect this case? I believe Moncrief affects this case because the government is arguing that the the presumption in Moncrief which is the least culpable activity is not applicable in this case because it's a cancellation case versus a case for a removability case. In other words that we're not arguing the removability we're arguing the the respondents burden of proof under cancellation of removal. And I think the case in Salceda and it talks about Moncrief says that actually Moncrief relates to whether it's a removability if we're arguing removability or we're arguing cancellation of removal because of the fact that the statutory hook is convicted of. And therefore if he was not if the government could not clear could not provide evidence by clear and convincing evidence that he was removable as an aggravated felon and that charge remains sustained by the immigration judge and undisturbed by the removability in the for in his application for cancellation that he's proving that element. You're just going backwards and saying that they didn't make out a case of removability. So you've saved some rebuttal time. We'll hear from the government. Mr. Cohen. Good morning, Your Honors. May it please the court. Eudidio Cohen on behalf of the respondent. I'd like to discuss three things with you this morning. The first is burden of proof on alien for discretionary relief. The second is the agency's application of the categorical approach. And the third is the issue of Moncrief. And it's a non applicability to this case. First and foremost, we can all agree there's no dispute that Mr. Francisco was convicted of drug trafficking under Florida law to address a point made by counsel. I would like to note that it's the burden on the government to demonstrate removability. But is enough. We all agree that Mr. Francisco is removable as an alien convicted of the violation of a law relating to a controlled substance. So the fact that the government was unable to sustain its burden with respect to the aggravated felony charge of removability does not mean that the government bears any burden in the context of discretionary relief. In fact, that leads me to my first point. And that is that Mr. Francisco bore the burden to demonstrate eligibility for Section 240C4 of the Immigration and Nationality Act provides that it's the burden of the alien to demonstrate that he meets all applicable eligibility requirements. And the regulations go even further indicating that if one or more of the grounds of mandatory denial of the application for relief may apply, then the alien shall have the burden to prove by a preponderance of the evidence that such grounds do not apply. Now in applying this to Mr. Francisco's case, the board properly applied the dictates of the categorical approach, which begin by comparing the elements of the statute of conviction with the elements of the so-called generic crime. The aggravated felony at issue in this case is found in Section 101A43B of the Immigration and Nationality Act and it includes two sub prongs drug trafficking prong and an illicit trafficking prong. And now in this case the board properly proceeded to the so-called modified categorical approach, which permits consideration of certain conviction documents when the statute of conviction lists multiple alternative elements such that it effectively creates several different crimes. And in applying the modified categorical approach, the court or the agency can consider a limited set of documents that can be used as a tool to help determine which of the alternative elements the alien was convicted under. And these documents include the judgment, the information, plea transcript, plea colloquy, or a similar judicial record. We filed a 28-J letter this week citing a case, Antunez-Cornelio, which just provides an example of how useful a plea colloquy can be in determining which alternative element an alien or individual has been convicted under when you have a divisible statute such as this statute. Now we also filed a 28-J letter regarding the case of Spaho, which is an 11th Circuit decision. Is a plea colloquy available? It's uncertain because the discussion between... What good is to say that that would help if we don't have it? It in fact may not help at all. The point is merely to say that this was... You're just giving us that information. I'm sorry? You're just telling us that, that's all. I'm just saying that it's a document that could have been presented by Mr. Francisco. If it's not available. It may or may not be available, and that's the point here. It's a category of a document that's relevant. Yes, yes, absolutely. The burden was on Mr. Francisco at all times to present any and all documents he wished to show that he was convicted under one of the alternative elements of the statute of conviction, which is not an aggravated felony. He never presented that type of document. It may or may not have helped him. He relied in the immigration court proceedings upon a police report in the record, but now a police report is not judicially noticeable under Shepard, the Supreme Court case, which addressed which documents may be considered under the modified categorical approach. The agency considered all of the documents and said, we can't look at the police report, but even if we did, you lose because if you in fact were convicted of purchase of cocaine, which is what the police report shows, that's illicit trafficking. But of course, we're not going to look at that. We're only going to look at the judgment and the information. Those are inconclusive, and because of the burden of proof in the statute, you lose. Now, several other courts have reached that same conclusion. The Fourth Circuit has concluded, for example, that fidelity to the INA requires the non-citizen as a party bearing the burden of proof suffer the detriment in a case like this, where the statute of conviction is divisible, such that we don't know which of the alternative elements the alien was convicted under, and the record of conviction is inconclusive. The plain language of the statute dictates that result. The Third, the Fifth, the Seventh, the Ninth, the Tenth, have either ruled exactly the same or issued rulings that are consistent with that reasoning. And that's what we're asking this court to do today. Now, to address Moncrief, I see that my time is quickly coming to an end. I want to explain why Moncrief is not relevant to the decision in this particular case. So now, as your honors already indicated, Moncrief is a case about removability, not about relief from removability. So this is the first distinction. The Supreme Court had no occasion in Moncrief to consider the alien's burden for an application for relief. But perhaps more importantly, unlike this case, which involves application of the modified categorical approach, Moncrief was confined to application of the categorical approach. So in Rendon, the Ninth Circuit explained it well. They explained that a defendant who's been convicted of an indivisible statute has necessarily committed one crime at issue. That crime is either a match to the federal generic crime or it's not. The record's never inconclusive when you have only the categorical approach to consider. Thus, if the petitioner establishes that the statute under which he is convicted is indivisible and punishes a broader range of conduct than the generic crime, it's never possible for that conviction to qualify as an aggravated felony. That's the categorical approach. But now- We understand that. Okay. So in modified categorical cases, the statute's divisible, and the question is whether the alien's conviction is under- Let me maybe help you along here. Moncrief ultimately says that the jump ball goes to the non-citizen. Isn't that the point? That is, if it's inconclusive, under-inclusive, the non-citizen wins. Why isn't that broad rule applicable here? This was the point I was trying to get at. In the categorical approach, when we only look at the statute of conviction and the generic crime, the elements of both of those, the rule of decision is going to dictate that if the government has not met its burden for removability, the alien also meets his burden for relief. We're just looking at these two different sets of elements. The case is not the same in the modified categorical context, and that's because we can also look at these judicially noticeable documents under Shepard. There can be a situation like this one, which is perhaps- It's anomalous in a way, where the government doesn't meet its own burden, but yet the alien doesn't meet his burden either, because the government's burden is to demonstrate by clear and convincing evidence- What your bailout is that there was a valid grab for removal. Yes, there must be a valid grab for removal, as there was in this case. Your whole argument is that the ALJ's, the IJ's sustaining of the alien's position on the aggravated crime doesn't help him. Can you repeat the question, your honor? Well, the immigration judge ruled for the alien on the ground that you hadn't met the burden. The immigration judge- Let's be clear. The first decision in this case issued by the agency was a decision by the immigration judge that the statute of conviction categorically is an aggravated felony. And so, Mr. Francisco was on notice from the beginning that he may be found removable. It was only later, after the Board of Immigration Appeals remanded the case back to the immigration judge- It became divisible. That the immigration judge considered divisibility, looked at this 11th Circuit case down the road, which actually was not applicable. But that's what the board decided ultimately. He ruled for the petitioner. Yes. And so, this was a pendulum that was swinging back and forth. And at all times, Mr. Francisco knew that- In which the petitioner has the burden to prove. Yeah, that's right. Well, and the immigration judge was merely determining that the government didn't meet its burden. Not that he had not been convicted of an aggravated felony. Simply that the government hadn't met his burden. So, in this case, your honors, if you have no additional questions, we would ask that you join the sister circuits and conclude that when there is a divisible statute and an inconclusive record pursuant to the plain language of the statute, the alien doesn't meet his burden. And that was the case here with Mr. Francisco and his application for cancellation of removal. Thank you. Thank you very much. Thank you, your honors. First, I wanted to respond to the government's point that, about their burden of proof in the aspect of meeting by clear and convincing evidence of the removability under the aggravated felony. Well, what is the point of their burden in removal proceedings? If there's a charge on the notice to appear that hasn't been sustained- Well, they established one ground for removability. But the judge also did find that they had not met their burden by clear and convincing evidence. I understand that because they didn't come forward in the categorical approach and produce the Shepard documents. Right. Okay. And I would argue- We understand that. Right. And as to the government's contention that- What I'm saying is, let's eliminate the cancellation of removability altogether. He's removable. He is removable, your honor. There's no question about it. However, Mr. Oyola still argues that- I understand that. But there was a valid ground of removability. There was. That is there. And if we weren't involved with cancellation of removability issues, then he's removable. Yes. Okay. So the case turns on whether he's established the eligibility, the right to cancellation of removability. Yes, your honor. The burden of proof is on it. Yes, your honor. Okay. Now, we argued- So how did he meet it? Well, your honor, there were documents that were filed on the record. And these were documents that were filed by the government in order to prove by clear and convincing evidence that he was an aggravated felon. Now- I understand that, but that's because- In other words, they're just- They happen to be in the record. Right. Well, the Board of Immigration Appeals said that there was no judicially noticeable documents on the record, and that's inaccurate. There were documents in the record. So what do we have before us on this issue? Well, on this issue, your honor- What has he proven on this issue of cancellation of removability? We believe that he's proved his element. He's proved that he's been a resident- He was a resident for five years. He proved that he had continuous physical presence for seven years. He proved as a matter of discretion that he was worthy of a grant of cancellation. And none of those three points were argued by the government. They conceded that- Did he prove that he has not been convicted of any aggravated felony? Well, your honor, we believe that he has met his burden by a preponderance of the evidence. He has. How did he prove he wasn't convicted? How did he prove that he wasn't convicted of an aggravated felony? Because the documents on record are inconclusive, your honor. And if the documents in the record are inconclusive, then it should weigh in favor of the applicant. He hadn't met his burden if the documents were inconclusive. That's your problem. Right. However, your honor, I do put forward the alternate argument- You're traveling on the First Circuit case. Yes, your honor. Which simply sent it back. That's all it did. Well, Mr. Ulloa has argued in the alternative. This issue of the missing document was not brought to the attention of the petitioner, Mr. Ulloa, until the day of the individual. This is a gentleman that was detained for quite a long time. And the immigration judge states it on the record. Well, we need to resolve this case today because he's been detained for quite a long time. And the immigration judge was bound to make a decision within a certain prescribed time period. And therefore, it is unreasonable to expect a prevailing party where the person, the immigration judge, sitting as fact finder, has said that there are sufficient evidence- We understand your position. Your position is he was entitled to take comfort on the IJ's ruling. Even though the IJ made a mistake, he's entitled to- I would not categorize that as comfort, your honor. I would categorize that as not on notice. That's how I would categorize that. But he could have, in support of his application for cancellation of removal, gone forward and shown that he was not convicted of the aggravated- His argument was that the documents on the record were sufficient. That was the argument. Which are what? What documents on the record? It was the judgment. I apologize, your honor. The record and the document in file were the information. The information only relisted exactly the same language as the statute. There was the judgment, the sentence, the charging document, the punish code score sheet, the order of supervision, and the memorandum of costs. Those are the same documents in which the government failed to prove the aggravated offense. Right. If they fail to prove the aggravated offense, then he's not an aggravated felon. Because the government had the burden. Now, he has the burden and they fail to show the same thing. If he fails to prove that he's an aggravated felon, then he wins. He's not an aggravated felon and he goes forward with cancellation. We understand your argument. It's very ingenious. Your time's up. Thank you, your honor. We'll move to the last case.